UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES SHARPE,<br><br>    Defendant. | Case No. C05-5499FDB<br><br>DEFAULT JUDGMENT AND PERMANENT INJUNCTION |

    Default against the Defendant was entered October 5, 2005. Plaintiffs now move pursuant to the Copyright Act for minimum statutory damages, an injunction and costs. Plaintiffs have made a proper showing and are entitled to a default judgment and permanent injunction.

    "Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir.

ORDER - 1

1983).  In a copyright infringement case, default establishes liability.  *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999); Moore's Federal Practice § 55.12{1} (3d ed. 2002).

Plaintiffs seek judgment as follows:

1. The minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the nine (9) infringements alleged in the Complaint, for a total of $6,750.00;

2. An injunction pursuant to Section 502 of the Copyright Act; and

3. Costs, pursuant to Section 505 of the Copyright Act, in the amount of $285.00.  (See Tenpenny Aff. ¶ 6.)

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for ... (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a)(2).  Section 504(c)(1) provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work ... in a sum of not less than $750 or more than $30,000 as the court considers just."  A plaintiff need not prove actual damages to be entitled to an award of statutory damages.  *See* 4 <u>Nimmer On Copyright</u> (Nimmer) § 1404[A], at 14-44-45 (2002); *See Also Columbia Pictures Television, Inc. v. Krypton Broad. Of Birmingham, Inc.* 259 F3d 1186, 1194 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002)("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits.")

Since Plaintiffs seek only the minimum statutory damages, which are easily ascertainable from the Complaint, no evidentiary hearing is necessary.  *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)(award of greater than minimum statutory damages as part of default judgment)and *see Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981)(affirming default

ORDER - 2

judgment entered without evidentiary hearing where damages sought were a definite sum in keeping with the settled principle that no evidentiary hearing is required when the amount claimed is a liquidated sum or capable of mathematical calculation.).

Section 502(a) of the Copyright Act specifically provides for injunctive relief. 17 U.S.C. § 502(a); and *see Pacific & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985)(Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). "[T]he public interest is the interest in upholding copyright protections." *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993). Injunctions have been routinely issued as part of default judgments. *See, e.g. Securities & Exch. Comm'n v. Coldicutt*, 258 F.3d 939, 945 (9th Cir. 2001)(affirming refusal to terminate permanent injunction issued on default judgment.); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999)(The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success. ... Consequently, Plaintiffs in this case need not show irreparable harm, as the default against Defendants satisfied the element of success on the merits.").

The means of infringement in this case was by an online media distribution system with tens of millions of potential users. The court in *Universal City Studios v. Reimerdes*, 111 F. Supp.2d 294, 331-32 (S.D.N.Y. 2000), *aff'd*, 273 F.3d 429 (2nd Cir. 2001) explained that when digital works are distributed via the Internet, "[e]very recipient is capable not only of ... perfectly copying plaintiffs' copyrighted [works] .... They likewise are capable of transmitting perfect copies of the [works]. The process potentially is exponential rather than linear." This means of transmission "threatens to produce virtually unstoppable infringement of copyright." *Id.* "The weight of authority supports the extension of injunctive relief to future works." *Princeton Univ. Press v. Michigan Document Serv., Inc.*, 99 F.3d 1381, 1392-93 (6th Cir. 1996), *cert. denied*, 520 U.S. 1156 (1997).

ORDER - 3

Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would

> (1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.

Having considered Plaintiffs' Application for Default Judgment by the Court, and good cause appearing therefore, it is ORDERED:

1. Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the nine sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Six Thousand Seven Hundred Fifty Dollars ($6,750.00).

2. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Two Hundred Eighty-Five Dollars ($285.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Right Here Waiting," on album "Repeat Offender," by artist "Richard Marx" (SR# 103-712);
- "U Can't Touch This," on album "Please Hammer Don't Hurt 'Em," by artist "MC Hammer" (SR# 133-683);
- "Jumpin' Jumpin'," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);
- "Independent Women, Pt. 1," on album "Survivor," by artist "Destiny's Child" (SR# 289-199);
- "Sweet Dreams (Are Made Of This)," on album "Sweet Dreams (Are Made of This)," by artist "Eurythmics" (SR# 46-186);

ORDER - 4

- "Foolish Games," on album "Pieces of You," by artist "Jewel" (SR# 198-481);
- "Walkin' On The Sun," on album "Fush Yu Mang," by artist "Smash Mouth" (SR# 238-756);
- "Any Man of Mine," on album "The Woman in Me," by artist "Shania Twain" (SR# 207-884);
- "Un-Break My Heart," on album "Secrets," by artist "Toni Braxton" (SR# 233-892);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED this 1st day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5